UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BRICKWOOD CONTRACTORS,
INCORPORATED, a Virginia
Corporation,
<u>Plaintiff-Appellant,</u>

v.                                                            No. 98-2363

CITY OF DURHAM, NORTH CAROLINA,
a North Carolina Municipal
Corporation,
<u>Defendant-Appellee.</u>

BRICKWOOD CONTRACTORS,
INCORPORATED, a Virginia
Corporation,
<u>Plaintiff-Appellee,</u>

v.                                                            No. 98-2435

CITY OF DURHAM, NORTH CAROLINA,
a North Carolina Municipal
Corporation,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the Middle District of North Carolina, at Durham.
P. Trevor Sharp, United States Magistrate Judge.
(CA-96-768)

Argued: October 28, 1999

Decided: May 15, 2000

Before WIDENER, WILKINS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** James Joseph Tansey, LAW OFFICES OF JAMES J.
TANSEY, Washington, D.C., for Appellant. Patrick Warren Baker,
Assistant City Attorney, CITY ATTORNEY'S OFFICE, Durham,
North Carolina, for Appellee. **ON BRIEF:** Reginald B. Gillespie, Jr.,
FAISON & GILLESPIE, Durham, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Both plaintiff, Brickwood Contractors, Inc. (Brickwood), and
defendant, City of Durham, North Carolina (the City), appeal from
the district court's opinion and order awarding $7,725 in damages to
the City. Brickwood Contractors, Inc. v. City of Durham, North Caro-
lina, No. 1:96CV00768 (M.D.N.C. Aug. 18, 1998).

I.

This dispute arose from a contract entered into between the City
and Brickwood on July 26, 1995 for Brickwood to clean, repair, and
repaint one of the City's steel water tanks for $563,030. The City
hired Tank Industry Consultants (Tank Industry) to serve as the engi-
neer for the project, and, absent appeal, the contract bound both par-
ties to Tank Industry's decisions. Because the project required
Brickwood to remove paint from the outside of the tank, the contract
contained terms relating to the containment within a 30 foot radius of
the base of the tank of any debris created during the paint removal
process. Brickwood started work on the project in October 1995 and

2

received its first payment for $140,755 from the City in early 1996. After that payment, adverse weather and malfunctions with the required debris containment system delayed work on the project for several months. Tank Industries approved a second payment of $39,834 to Brickwood on May 14, but the City did not make this payment.

Brickwood began work again in earnest in May 1996, but a surprise inspection by the North Carolina Department of Environment, Health, and Natural Resources revealed that the debris containment system did not comply with applicable state regulations, and in response, Tank Industries told Brickwood to stop work until it corrected the problems. On June 28, 1996, Brickwood wrote to the City complaining that its failure to pay constituted a breach of the contract. Then, without any prior notice of an intention to terminate, Brickwood sent the City another letter on July 9, 1996 terminating the contract because of the City's failure to make the second payment to Brickwood, cleaned up the site, and left the job. On July 15, 1996, Brickwood then submitted a request to the City for payment of amounts it still claimed were owed amounting to $133,344. The City sent a letter to Brickwood on December 18, 1996 formally terminating the contract because of Brickwood's failure to finish the project. The City contracted with another firm, G&M Painting, to finish the project for $394,000. G&M Painting completed the job in 1998. The City also incurred an additional $36,000 in costs for additional services from Tank Industries on the project.

Brickwood filed suit against the City on September 16, 1996 alleging the City breached the contract and claiming $133,344 in damages. The City filed a counterclaim in Brickwood's suit arguing that Brickwood breached the contract and that the city was entitled to liquidated damages from the breach. The district court held that Brickwood breached the contract, that the City was not entitled to liquidated damages, and that Brickwood was liable to the City for $7,725 in actual damages. Both parties appeal this determination.

II.

Brickwood argues on appeal that the district court erred by determining that it, and not the City, breached the contract and that, there-

3

fore, it is entitled damages. The City on cross-appeal argues that the district court correctly decided that Brickwood breached the contract, but incorrectly denied it liquidated damages. Finally, Brickwood argues that the district court incorrectly decided not to strike from the record portions of the City's testimony obtained in violation of Federal Rule of Evidence 615. After consideration of the briefs, record, and oral argument, we are of opinion that there is no reversible error in this case, and we affirm the decision of the district court for the reasons expressed in its written opinion.

The judgment of the district court is accordingly

<u>AFFIRMED</u>.

4